UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TIMOTHY DIRESTA, Individually                          :
and on Behalf of All Persons Similarly Situated,       :
                                                       :
                                    Plaintiffs,  :  Civil Action No._____
                                                       :
        -against-                             :
                                                       :  **NOTICE OF REMOVAL**
ETHICON US, LLC, and JOHNSON & JOHNSON,                :
                                                       :
                                  Defendants.  :
-------------------------------------------------------------------------X

        Defendants Ethicon Endo-Surgery, Inc. improperly named as "Ethicon US, LLC," and Johnson & Johnson (collectively "Removing Defendants")[1], hereby remove this case from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 respectfully showing as follows:

        1.    On or about January 20, 2017, Plaintiff Timothy Diresta, purportedly on behalf of himself and all persons similarly situated, filed a complaint ("Complaint") in the Supreme Court of the State of New York, New York County, Index No. 150662/2017 against Removing Defendants, alleging seven causes of action sounding in negligence and strict products liability concerning a medical device identified in the Complaint as "ETHICON US, LLC'S LIGACLIP MCA MCL20 surgical clip implants." A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal.

---

[1] Removing Defendants have not been served with process in this action. Out of an abundance of caution and without entering a general appearance or waiving service or any other rights or defenses, Removing Defendants seek removal of this case.

2. As explained below, this Court has original subject matter jurisdiction over this civil action, styled as a class action, of an undefined class of persons, pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court under 28 U.S.C. § 1441 because (i) there is complete diversity of citizenship between Plaintiff and Defendants, and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  The action may also be removed to this Court pursuant to 28 U.S.C. § 1453 because the Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA").  Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2),(5).  Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

## DIVERSITY OF CITIZENSHIP

3. The Complaint names Ethicon Endo-Surgery, Inc. and Johnson & Johnson, as defendants, each of whom is of diverse citizenship from that of Plaintiff.

4. Based on the allegations of the Complaint, Plaintiff Timothy Diresta is, and at the time the Complaint was filed was, a resident and citizen of New York. *See* Compl. ¶ 1.

5. Ethicon Endo-Surgery, Inc. is, and at the time the Complaint was filed was, an Ohio corporation with its principal place of business in Ohio.  Thus, Ethicon is a citizen of Ohio for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c).

6. Johnson & Johnson is, and at the time the Complaint was filed was, a New Jersey corporation with its principal place of business in New Jersey. Thus, Johnson & Johnson is a citizen of New Jersey for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

7. There is complete diversity among the parties, in satisfaction of 28 U.S.C. § 1332(a)(1), because Plaintiff is a citizen of New York, and none of the Defendants are citizens of that state. Moreover, the minimum diversity requirement of CAFA is met as long as any one defendant is a citizen of a different state than any of the named plaintiffs. 28 U.S.C. § 1332(d)(2)(A).

## **AMOUNT IN CONTROVERSY**

8. Plaintiff assert seven causes of action against Removing Defendants, including negligence, strict product liability, deceptive acts and practices, false advertising, fraudulent misrepresentation, and as to each cause of action, alleges monetary damages in the amount of "not less than $5,000,000, as of this date."

9. Although Removing Defendants deny Plaintiffs' allegations and deny that they are liable to Plaintiffs for any alleged injuries, based on the allegations of the Complaint, the amount in controversy clearly "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a). Further, the amount in controversy exceeds the CAFA minimum amount in controversy, $5,000,000 -- CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14

**OTHER PROVISIONS**

10. The Complaint was filed on January 20, 2016. On January 30, 2016, Ethicon received notice of the Summons and Complaint in Ohio by U.S. mail. Ex. A.

11. The removal of this action, without waiver of service of the Complaint, is timely because it is in any event being removed no later than 30 days after service of the Complaint, as required by 28 U.S.C. § 1446(b).

12. The United States District Court for the Southern District of New York is the federal judicial district encompassing the Supreme Court of the State of New York, New York County, where Plaintiff originally filed this suit such that this is the proper federal district for removal of this case to federal court. 28 U.S.C. § 1441(a); 28 U.S.C. § 112(c).

13. In accordance with 28 U.S.C. § 1446(a), Removing Defendants attach hereto a copy of all state-court pleadings. *See* Ex. A.

14. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will file a copy of the original Notice of Removal with the clerk of the Supreme Court of the State of New York, New York County. Removing Defendants will serve a copy of this Notice of Removal on counsel for Plaintiffs.

15. Removing Defendants do not waive any jurisdictional or other defenses that might be available to them; nor do Defendants waive formal service of the Complaint.

16. Removing Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants Ethicon Endo-Surgery, Inc., and Johnson & Johnson hereby remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and state that no further proceedings may be had in the state action.

Dated: New York, New York
March 1, 2017

Respectfully submitted,

s/Martin Healy
Martin J. Healy
Soo Y. Kim
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, New York 10281
Tel. (212) 422-0202
Fax. (212) 422-0295

*Attorneys for Defendants Ethicon Endo-Surgery, Inc. and Johnson & Johnson*